**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| MARILYN STURM, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:13-CV-00146-RWS |
| BANK OF AMERICA ,N.A., : | |
| SUCCESSOR BY MERGER TO : | |
| BAC HOME LOANS : | |
| SERVICING, L.P. F/K/A : | |
| COUNTRYWIDE HOME LOANS : | |
| SERVICING, L.P., BY : | |
| ASSIGNMENT, and FEDERAL : | |
| NATIONAL MORTGAGE : | |
| ASSOCIATION, : | |
| : | |
| Defendants. : | |

**ORDER**

This case is before the Court for consideration of Defendants' Motion to Dismiss [27]. After reviewing the record, the Court enters the following Order.

Defendants' Motion was filed September 20, 2013. After failing to file a timely response, Plaintiff requested additional time to obtain counsel and file a response to the Motion. By Order [34] entered December 23, 2013, the Court granted Plaintiff's request. The Court required that Plaintiff file her response no later than January 27, 2014. The Motion was submitted to the Court for a

AO 72A
(Rev.8/82)

decision on January 28, 2014. Rather than proceeding with consideration of the Motion, the Court, on May 15, 2014, issued an Order [35] scheduling a status conference on May 23, 2014 so that Plaintiff could be heard before the Court considered the merits of Defendants' Motion. Plaintiff failed to appear for the hearing and has no communication with the Court concerning the same. Therefore, the Court proceeds to consider Defendant's Motion to Dismiss on its merits.

**Background**

On November 26, 2003, Plaintiff purchased property located at 7303 Rocking Chair Lane, Hoschton, Georgia, 30548, Hall County ("Property"). (Am. Compl., Dkt. [10] ¶¶ 4, 12).[1] Plaintiff contemporaneously executed a Security Deed in favor of Wieland Financial Services, Inc. On August 29, 2011, Wieland Financial Services assigned the Security Deed to Defendant Bank of America ("BANA").

On November 1, 2011, Plaintiff's loan payments were modified to a reduced amount. Plaintiff states that she accepted the modified terms because she was a single mother, caregiver for her two elderly parents and suffering

---

[1] Unless otherwise indicated, the facts are taken from Plaintiff's Complaint.

2

from brain cancer and lupus. Plaintiff alleges that BANA experienced problems processing her loan payments even though she made her payments punctually. Plaintiff asserts that, on at least two occasions, BANA initiated foreclosure proceedings erroneously but ceased the proceedings after she contacted them and corrected the confusion about her payments.

On May 7, 2013, BANA again initiated foreclosure proceedings after determining that the loan was in default. Plaintiff alleges that she was not notified of the foreclosure until BANA contacted her on the date of the foreclosure sale. Plaintiff further asserts that she made her payments and, at the time, assumed that BANA made a mistake processing her payments, as they had several times before. Plaintiff contacted BANA and was told that her claim would be investigated, so she continued making payments for May and June 2013.

Subsequently, BANA proceeded with the foreclosure sale. BANA then transferred the Property to Defendant Federal National Mortgage Association ("Fannie Mae") on May 7, 2013, via Special Warranty Deed. Fannie Mae subsequently initiated a dispossessory action against Plaintiff on May 15, 2013. On May 29, 2013, a writ of possession was issued to Fannie Mae by the

3

Magistrate Court of Hall County, and on June 18, 2013, a Hall County Sheriff attempted to evict Plaintiff.  However, the eviction was rescheduled for June, 25, 2013 because it was raining. Plaintiff then tried to correct her payment issue with BANA but was informed that there was nothing that could be done.

Plaintiff brought this action in Hall County Superior Court on June 21, 2013. The case was removed to this Court on July 3, 2013, pursuant to 28 U.S.C. § 1332. (Notice of Removal, Dkt. [1] ¶ 1). Based on the foregoing allegations, Plaintiff brings claims for: (1) wrongful foreclosure; (2) wrongful eviction; and (3) breach of good faith and fair dealing.

Defendants now move for dismissal of all claims. Plaintiff has not filed a response to Defendants' motion. Therefore, the motion is deemed unopposed. N.D. Ga. L.R. 7.1B.

## Discussion

### I.     Motion to Dismiss Legal Standard

When considering a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint. Grossman v. Nationsbank N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable

4

inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 56 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. At 556. The plausibility standard "does not [,however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

"The district court generally must convert a motion to dismiss into a

5

motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10©. Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (Citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is unchallenged." Id.

**II. Analysis**

    A.    Wrongful Foreclosure

To state a claim for wrongful foreclosure under Georgia law, Plaintiff must demonstrate: (1) the foreclosing party owes a legal duty to the plaintiff; (2) breach of that duty; (3) a casual connection between the breach of that duty and the injury sustained; and (4) damages. Brown v. Fed. Nat'l Mortg. Ass'n,

6

No. 1:10-CV-03289-TWT-GGB, 2011 U.S. Dist LEXIS 31478, at *16 (N.D. Ga. Feb. 28, 2011) (internal citations omitted); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842 (Ga. Ct. App. 2007). Defendants argue, and the Court agrees, that Plaintiff cannot establish the second element – that Defendants breached a duty owed her.

In support of her wrongful foreclosure claim, Plaintiff alleges that BANA did not properly notify her before foreclosing on the Property. (Am. Compl. Dkt. [10] ¶ 22.) Pursuant to O.C.G.A. § 44-14-162.2:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

Further, under Georgia law, the foreclosing party exercising the power of sale is required " . . . to advertise and sell the property in accordance with the terms of the instrument and to conduct the sale in good faith." Rapps v. Cooke, 540 S.E.2d 241, 243 (Ga. Ct. App. 2000).

7

Plaintiff's allegation regarding deficient notice is clearly contradicted by the record. BANA published a Notice of Sale in the Times Newspaper (the official instrument for legal advertisement in Hall County) on multiple occasions (April 11, 18, and 25 2013 and May 2, 2013) advising Plaintiff of her default. (Motion to Dismiss, Dkt. [27] Exhibit D.) BANA also sent a Notice of Sale via certified mail to Plaintiff and received a receipt acknowledging delivery to Plaintiff. (Id. at Exhibit E.)  Furthermore, the Notice of Sale (Id.) complies with the substantive requirements of O.C.G.A. § 44-14-162.2.

These undisputed documents show that BANA did notify Plaintiff of the foreclosure in accordance with Georgia law. Therefore, because she has not shown a breach of Georgia's foreclosure statute, Plaintiff's claim for wrongful foreclosure is **DISMISSED**.

B.     Wrongful Eviction

To state a claim for wrongful eviction, Plaintiff must allege facts showing that Fannie Mae failed to follow the proper procedures for dispossessory actions. See Desouza v. Fed. Home Mortg. Corp., No. CV 110-130, 2011 U.S. Dist. LEXIS 103840, at *3-4 (S.D. Ga. Sept. 14,

2011) (bare conclusions and no supporting facts beyond the allegations related to the wrongful foreclosure claim are insufficient to sustain a claim for wrongful eviction). In support of her wrongful eviction claim, Plaintiff asserts a single allegation: that Fannie Mae did not provide proper notice of the eviction. (Am. Compl., Dkt. [10] ¶ 26.) Defendant Fannie Mae counters that it did give proper notification, and again, the Court agrees.

The record shows that on May 15, 2013, Fannie Mae's counsel sent a letter via certified mail to Plaintiff demanding possession of the Property. (Motion to Dismiss, Dkt, [27] Exhibit G.) On May 15, 2013, a return receipt was executed and returned indicating delivery of the Demand for Possession to Plaintiff. (Id.) Then, on May 16, 2013, a Sheriff's Entry of Service was served upon Plaintiff by posting on the door of the Property and by placing the same in U.S. Mail, First Class. (Id. at Exhibit H.) Moreover, a Writ of Possession (Id. at Exhibit C) was issued to Plaintiff by the Magistrate Court of Hall County, which noted that Plaintiff had been served with a summons but failed to respond. Thus, because the undisputed documents in the record show that Plaintiff

9

AO 72A
(Rev.8/82)

did in fact receive notice prior to the eviction, Plaintiff's claim for wrongful eviction is **DISMISSED**.

    C.    <u>Breach of Duty of Good Faith and Fair Dealing</u>

Under Georgia law, "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement," but "[t]he law is clear that there exists no independent cause of action for breach of good faith and fair dealing outside of a claim for breach of contract." <u>Cone Fin. Grp., Inc. v. Emplrs Ins. Co.</u>, 2010 U.S. Dist. LEXIS 82820 at *4-5 (M.D. Ga. 2010); <u>see also</u> <u>U.S. Faucets, Inc. v. Home Depot U.S.A. Inc.</u>, No. 1:03-cv-1572-WSD, 2006 WL 1518887, *5 (N.D. Ga. May 31, 2006) (breach of implied covenant of good faith and fair dealing cannot be asserted and does not survive independent of a claim for breach of contract). Generally, an allegation of breach of good faith and fair dealing must be related to a provision of the contract. <u>Tart v. IMF Energy Sys. of Am., Inc.</u>, 374 F. Supp. 2d 1172, 1182 (N.D. Ga. 2005).

Plaintiff asserts that BANA breached its duty of good faith and fair dealing because it took "various actions" against Plaintiff, including

10

initiating foreclosure proceedings despite Plaintiff's timely mortgage payments, and failing to properly notify Plaintiff of the foreclosure sale. (Am. Compl., Dkt. [10] ¶ 29.) Defendants argue that Plaintiff has not asserted a plausible claim for breach of the duty of good faith and fair dealing because Plaintiff has not referred to any provision of the Note or the Security Deed, the only contracts at issue here. The Court agrees that because Plaintiff has failed to identify particular provisions of the Note or Security Deed that were not performed in good faith, her claim for breach of the duty of good faith and far dealing is **DISMISSED.**

D.   Declaratory Judgment and Injunctive Relief

Because Plaintiff's substantive claims are without merit, she is not entitled to the declaratory or injunctive relief she seeks. Therefore, Counts I & II of the Complaint are also **DISMISSED**.

**Conclusion**

In accordance with the foregoing, Defendants BANA and Fannie Mae's Motion to Dismiss for Failure to State a Claim [27] is **GRANTED**.

11

**SO ORDERED**, this  4th  day of June, 2014.


_____
**RICHARD W. STORY**
United States District Judge